## ANNIE VERNON v. LEWIS CORNWELL.

*Master and servant—Negligence—Liability to third person—Instructions to jury—Evidence.*

1. The plaintiff in a personal injury case sought to charge the defendant with the negligence of one of his teamsters, who, while returning with another teamster from a city where they had been with loads of grain for the defendant, ran into the wagon in which the plaintiff was riding, thereby throwing her upon the highway and causing the injury complained of. There was evidence tending to show that at the time of the collision the teamsters were voluntarily running their horses. The court, upon the request of the defendant, charged the jury that if they should find that the collision was caused by the wrongful and wanton act of the defendant's teamster, which act was beyond the scope of defendant's business, the

plaintiff could not recover. And it is held that the defendant, who did not request a fuller explanation of the law in relation to what would constitute an act within the scope of the teamster's employment, cannot complain of the failure of the court to give such explanation.[1]

2. The teamster testified that he was unable to restrain his horses, and that they were running against his will. And it is held that the contention of defendant's counsel, that it is indisputable that the damage was caused by the wantonness of the teamster, cannot be sustained.

3. Evidence concerning the defendant's knowledge of the teamster's habits of intemperance was objected to as immaterial, on the ground that the proof showed that the teamster was not intoxicated at the time of the accident. The teamster testified that he had had one or two drinks of whisky on the day of and prior to the accident. And it is held that it cannot be said that the question of the teamster's sobriety upon that occasion was beyond dispute, and, if found, it was a circumstance consistent with negligence.

Error to Genesee. (Newton, J.) Argued January 10, 1895. Decided February 12, 1895.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*S. L. Kilbourne,* for appellant.

*Wisner, Lee & Aitken,* for plaintiff.

Hooker, J. The plaintiff, a woman, while riding in a wagon with her brother, was thrown upon the highway and injured, by reason of a collision, caused by the negligence or design of the defendant's teamster, who was following.

The greater part of appellant's brief is devoted to a dis-

---

[1] The liability of an employer to third persons for the negligence or torts of his servants is the subject of a very elaborate note, analyzing a multitude of cases and discussing the reasons or grounds of the liability, with the case of *Ritchie v. Waller*, 27 L. R. A. 161.

cussion of the proposition that the teamster was not acting within the scope of his employment at the time of the collision, and that consequently the defendant ought not to be held liable for his act. The most that can be said from the record upon this subject is that there was evidence tending to show that the teamsters were voluntarily running their horses, as they were returning from the city of Flint, where they had been with loads of grain for the defendant. We cannot say that this was conclusively established, even were we to hold that such fact would relieve the defendant from responsibility. In accordance with the request of defendant's counsel, the court instructed the jury that if they should find that the collision was caused by the wrongful act of the teamster, which act was beyond the scope of the defendant's business, and that such act was wantonly done, the verdict must be for the defendant. It being a question for the jury, left to them under the instructions asked by the defendant's counsel, who did not request a fuller explanation of the law in relation to what constitutes an act within the scope of employment, we discover no error upon this point. The teamster testified that he was unable to restrain his horses, and that they were running against his will; hence we cannot agree with counsel in the statement that "it is indisputable that the damage was done by the wantonness of the teamster."

Counsel suggests that evidence offered concerning defendant's knowledge of the teamster's habits of intemperance was immaterial, because the proof shows that he was not intoxicated at the time of the accident. As the record shows that he admitted that he drank that day, we cannot say that his sobriety on that occasion was beyond dispute. If found, it was a circumstance consistent with negligence.

An examination of the other assignments relied upon discloses nothing that calls for discussion.

We find no error in the record, and therefore affirm the judgment.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.